IN THE 17TH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA
CASE NO.: 10—24716 (04)



DONNA HILL,

    Plaintiff,

v.

LAZAROU ENTERPRISES, INC.,
a Florida for-profit corporation,

    Defendant.
_____/

### AMENDED COMPLAINT

COMES NOW the Plaintiff, DONNA HILL, by and through her undersigned counsel, and hereby sues the Defendant, LAZAROU ENTERPRISES, INC., and for her cause of action alleges and avers as follows:

1. This is an action for damages in excess of $15,000.00 exclusive of interest, costs and attorneys' fees based on Defendant LAZAROU ENTERPRISES, INC.'s ("LAZAROU") violation of Plaintiff DONNA HILL's ("HILL") rights under the Florida Civil Rights Act, §760.10, Fla. Stat. and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e(k).

2. All required administrative remedies have been exhausted, excused or waived. Plaintiff HILL filed a charge with the United States Equal Employment Opportunity Commission and the Broward County Civil Rights Division, attached hereto as Exhibit 1. The charge, by virtue of the worksharing agreement among these three (3) agencies, was also triple filed with the Florida Commission on Human Relations. More than 180 days have passed with no determination by the Florida Commission on Human Relations or the Equal Employment Opportunity Commission, and the EEOC issued its Notice of Right to Sue on March 31, 2010, attached hereto as Exhibit 2

3. At all times material hereto, Plaintiff HILL was a female over the age of 18 years and otherwise *sui juris*. Plaintiff was at all times material hereto a resident and citizen of Broward County, Florida.

4. At all times material hereto, Defendant LAZAROU was a for-profit Florida corporation with its principal place of business located at 220 S. Federal Highway, Hallandale Beach, Broward County, Florida. Defendant LAZAROU was engaged in the restaurant business under the name Flashback Diner, which is an industry affecting commerce. At all times material hereto, Defendant employed fifteen (15) or more employees in twenty (20) or more consecutive workweeks during the current or preceding year, and was at all times material hereto an "employer" within the meaning of the Florida Civil Rights Act, § 760.02(7) and Title VII, 42 U.S.C. §2000e(b).

5. On or about September 2008, Defendant LAZAROU hired Plaintiff HILL to work in the restaurant as a busser. While serving as a busser, HILL was supposed to be in training for a hostess or a cashier position.

6. On or about December 5, 2008, Plaintiff discovered that she was pregnant.

7. On or about December 7, 2008, Plaintiff advised her supervisor, Jamal Qazi, that she was 17 weeks pregnant.

8. As soon as Plaintiff HILL advised Qazi of her pregnancuy, Qazi pulled her from her busser job and sent her home, advising Hill that because she was pregnant Qazi did not want anything to happen to her. Qazi told Plaintiff that he would inform the owner, Panagiota Lazarou-Amana ("Lazarou-Amana") of Plaintiff's pregnancy.

9. On or about December 9, 2008, Qazi directed Plaintiff to obtain a doctor's note that she was able to lift if she wanted to continue working at Defendant's restaurant. Plaintiff did so, and the physician gave her a weight lifting restriction of 20 pounds. Plaintiff returned to the Defendant's restaurant with the note and gave it to Lazarou-Amana, who told Plaintiff that since she did not know

how much a full bus pan weighed, Plaintiff could no longer work as a busser. Lazarou-Amana further told Plaintiff that Lazarou-Amana would get someone to cover Plaintiff's shifts.

10. Lazarou-Amana told Plaintiff that she would try to find her a position as a hostess or a cashier. However, Lazarou-Amana stated that it would be difficult to do so as Defendant had just hired two cashiers. Lazarou-Amana advised Plaintiff to call back on December 14, 2008. Plaintiff did so. At that time, Lazarou-Amana told Plaintiff that she was fired as there was no work for her as a cashier or as a hostess. Plaintiff stated that she did not want to be a busser and would take a job as a waitress, but Lazarou-Amana refused, stating that waitresses were required to lift heavy loads and Plaintiff could not do that as she was pregnant.

11. Following the conversation with Lazarou-Amana, Plaintiff called the restaurant back and spoke to Qazi, stating that she felt that she was being discriminated against because of her pregnancy. Qazi told Plaintiff that he would speak to Lazarou-Amana.

12. Approximately 20 minutes later, Lazarou-Amana telephoned Plaintiff and stated that Plaintiff was not being terminated because of her pregnancy, but because of poor performance.

13. During the tenure of her employment, Plaintiff had been an exemplary employee. She had never been reprimanded. She had never been written up. She was always on time for work. She was conscientious and performed her work up to or in excess of the standard required by Defendant.

14. Plaintiff has made diligent efforts to mitigate her damages by finding substantially equivalent work, but has been unable to do so.

### COUNT I—PREGNANCY DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

15. Plaintiff DONNA HILL realleges and reavers as if fully set forth herein paragraphs 1-14 of the Complaint.

16. At all times material hereto, Panagiota Lazarou-Amana and Jamal Qazi were Plaintiff's supervisors, with power and authority to materially and adversely affect her job including, but not

limited to, terminating her employment or effectively recommending termination of her employment. Therefore, at all times material hereto, Lazarou-Amana and Qazi were agents of Defendant and their acts and conduct are the acts and conduct of the Defendant.

17. By and through their above described acts and conduct, Lazarou-Amana and Qazi, as agents of the Defendant, discriminated against Plaintiff DONNA HILL on the basis of HILL's pregnancy, in violation of §760.10, Fla. Stat.

18. Defendant LAZAROU, by and through the conduct of its agents Lazarou-Amana and Qazi, acted with malice and reckless disregard for Plaintiff HILL's rights under the Florida Civil Rights Act.

19. As a result of Defendant's unlawful acts and conduct, Plaintiff HILL has suffered damages and will continue to suffer such damages into the future unless the Defendant is enjoined from engaging in such unlawful acts and conduct.

WHEREFORE, Plaintiff DONNA HILL demands judgment against Defendant LAZAROU ENTERPRISES, INC., including, but not limited to:

A. An order declaring Defendant LAZAROU's conduct to be violative of the Florida Civil Rights Act, §760.10, Fla. Stat.;

B. An order enjoining Defendant LAZAROU from continuing to engage in such unlawful conduct;

C. Backpay and benefits for Plaintiff;

D. Compensatory damages for Plaintiff;

E. Punitive damages for Plaintiff;

F. Costs of suit;

G. Reasonable attorneys' fees;

H. Pre-judgment interest;

I. Such other and further relief as the Court shall deem just in the premises.

## COUNT TWO—PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

20. Plaintiff DONNA HILL realleges and reavers as if fully set forth herein paragraphs 1-14 of the Complaint.

21. At all times material hereto, Panagiota Lazarou-Amana and Jamal Qazi were Plaintiff's supervisors, with power and authority to materially and adversely affect her job including, but not limited to, terminating her employment or effectively recommending termination of her employment. Therefore, at all times material hereto, Lazarou-Amana and Qazi were agents of Defendant and their acts and conduct are the acts and conduct of the Defendant.

22. By and through their above described acts and conduct, Lazarou-Amana and Qazi, as agents of the Defendant, discriminated against Plaintiff DONNA HILL on the basis of HILL's pregnancy, in violation of 42 U.S.C. §§ 2000e(k) and 2000e-2(a)(1).

23. Defendant LAZAROU, by and through the conduct of its agents Lazarou-Amana and Qazi, acted with malice and reckless disregard for Plaintiff HILL's rights under Title VII, as amended.

24. As a result of Defendant's unlawful acts and conduct, Plaintiff HILL has suffered damages and will continue to suffer such damages into the future unless the Defendant is enjoined from engaging in such unlawful acts and conduct.

WHEREFORE, Plaintiff DONNA HILL demands judgment against Defendant LAZAROU ENTERPRISES, INC., including, but not limited to:

A. An order declaring Defendant LAZAROU's conduct to be violative of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e(k) and 2000e-2(a)(1).

B. An order enjoining Defendant LAZAROU from continuing to engage in such unlawful conduct;

C. Backpay and benefits for Plaintiff;

D. Compensatory damages for Plaintiff;

E.  Punitive damages for Plaintiff;

F.  Costs of suit;

G.  Reasonable attorneys' fees;

H.  Pre-judgment interest;

I.  Such other and further relief as the Court shall deem just in the premises.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

SUSAN L. DOLIN, P.A.
Attorneys for Plaintiff
9000 Sheridan Street
Pembroke Pines, Florida 33024
Tel.: 954-862-2284
Fax: 954-862-2287
Email: sdolin@dolinlawgroup.com

By: *SUSAN L. DOLIN*
SUSAN L. DOLIN, ESQ., FBN 708690

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served this 15th day of June, 2010, upon the Defendant, Lazarou Enterprises, Inc., 220 S. 220 S. Federal Highway Hallandale, Florida 33009.

Respectfully submitted,

SUSAN L. DOLIN, P.A.
Attorneys for Plaintiff
9000 Sheridan Street
Pembroke Pines, Florida 33024
Tel.: 954-862-2284
Fax: 954-862-2287
Email: sdolin@dolinlawgroup.com

By: *SUSAN L. DOLIN*
SUSAN L. DOLIN, ESQ., FBN 708690