UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61479-CIV-HUCK/O'SULLIVAN

DONNA HILL,

    Plaintiff,

v.

LAZAROU ENTERPRISES, INC.,

    Defendant.
_____/

## ORDER

THIS MATTER comes before the Court on the Plaintiff Donna Hill's Motion to Strike Exhibit 4 to Defendant's Motion for Summary Judgment (DE# 78, 12/10/10). The plaintiff seeks to strike[1] Exhibit 4 to the defendant's summary judgment motion. Id. Exhibit 4 consists of "page 6" of a police report. See Exhibit 4 (DE# 71-4, 12/7/10). The plaintiff argues that "[d]ocuments which are not authenticated or are otherwise inadmissible cannot be considered by the District Court when it is reviewing a party"s motion for summary judgment." Id. at 2 (citations omitted). The plaintiff states that Exhibit 4 is an unauthenticated and incomplete document. Id. at 2. Additionally, the

---

[1] Some court have questioned the propriety of filing a motion to strike exhibits supporting or opposing a motion for summary judgment. See Wells v. Xpedx, a Div. of Int'l Paper Co., No. 8:05-CV-2193-T-EAJ, 2007 WL 2696566, at * 1 (M.D. Fla. Sept. 30, 2007) (construing a motion to strike as an objection and stating that "[t]o properly challenge the admissibility of evidence submitted in support of a summary judgment motion, a party should object rather than move to strike.") (citation omitted), aff'd on other grounds, 319 Fed. Appx. 798 (11th Cir. 2009) (per curiam). The comments to Rule 56 state that "a party may **object** that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. . . . **There is no need to make a separate motion to strike**." Advisory Committee's Notes on 2010 Amendment on Fed. R. Civ. P. 56 (c)(2) (emphasis added). In the instant case, the defendant does not argue that a motion to strike is procedurally improper. Accordingly, the Court will address the instant motion as a motion to strike.

plaintiff argues that "the purported police report contains hearsay statements in the purported narrative of the police officer" and that hearsay is inadmissible to support a motion for summary judgment. Id. The defendant argues that the police report is admissible under FED. R. EVID. 803 (8) as a public record. See Lazarou's Response in Opposition to Hill's Motion to Strike Exhibit 4 (DE# 80, 12/10/10). The defendant has filed the omitted pages of the police report. See Exhibit (DE# 80-1, 12/10/10). Accordingly, the only remaining arguments are the authenticity of this exhibit and its admissibility.

**A.     Admissibility**

The Court finds that the police report (Exhibit 4), if authenticated, is admissible in the instant case. Rule 803 (8) states as follows:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or **(B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report,** excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, **or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.**

FED. R. EVID. 803 (8) (emphasis added). Here the defendant is seeking to introduce observations made by Officer McAdam in responding to a domestic disturbance. The police report (Exhibit 4) also contains statements from the plaintiff. The Court finds that Officer McAdam's observations are admissible pursuant to the public records exception to the hearsay rule in Rule 803 (8). See King v. Cessna Aircraft Co., No. 03-20482, 2010 WL 1839266, at * 4 (S.D. Fla. May 6, 2010) (J. Torres) (observing that "reports of

police officers conducting criminal investigations have routinely been admitted into civil proceedings through Rule 803(8)(C)."). Additionally, the plaintiff's statements within the police report (Exhibit 4) are not hearsay because they are an admission by a party opponent. See FED. R. EVID. 801(d)(2)(A); PT Indonesia Epson Industry v. Orient Overseas Container Line, Inc., 219 F. Supp. 2d 1265, 1274 n. 8 (S.D. Fla. 2002) (observing that "statements contained in the police reports attributable to [the defendant's employee] would be admissible as admissions by a party-opponent under FED.R.EVID. 801(d)(2)). Additionally, the plaintiff has not presented any evidence to suggest a lack of trustworthiness in Officer McAdam's report. Thus, the police report (Exhibit 4), if authenticated, is admissible in the instant case.

**B.     Authenticity**

The plaintiff challenges the authenticity of the police report (Exhibit 4). The defendant does not address the plaintiff's authenticity argument. See Lazarou's Response in Opposition to Hill's Motion to Strike Exhibit 4 (DE# 80 at 1, 12/10/10). "On motions for summary judgment, [the Court] may consider only that evidence which can be reduced to an admissible form." Rowell v. BellSouth Corp., 433 F. 3d 794, 800 (11th Cir. 2005). Authentication is a condition precedent to admissibility. FED. R. EVID. 901 (a).

> Rule 901 of the Federal Rules of Evidence states as follows:
>
> **(a) General provision.** The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
>
> **(b) Illustrations.** By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming

3

with the requirements of this rule:

\* \* \*

> **(7) Public records or reports.** Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.

FED. R. EVID. 901 (a) - (b)(7). "Rule 901 requires only the presentation of 'sufficient evidence to make out a prima facie case that the proffered evidence is what it purports to be.'" United States v. Harris, 338 Fed. Appx. 892, 894 (11th Cir. 2009) (citing United States v. Caldwell, 776 F.2d 989, 1001-02 (11th Cir. 1985)).

In Wells, the plaintiff sought to use documents he received from the Equal Employment Opportunity Commission ("EEOC") in opposing the defendant's motion for summary judgment. Wells, 2007 WL 2696566, at * 2. The court observed that "[t]he . . . documents [we]re neither sworn nor certified, and nothing indicate[d] whether the documents [we]re true and correct copies of documents issued or maintained by the EEOC." Id. at * 2. Accordingly, the court concluded that the EEOC documents were unauthenticated and could not be used to oppose the summary judgment motion. Id. at *4 (stating that the defendant's objections to the documents were "sustained because [the p]laintiff fail[ed] to properly authenticate the documents in accordance with Rule 56 (e) . . . ." ); see also Snover v. City of Starke, Fla., No. 09-16281, 2010 WL 3784468, at * 3 (11th Cir. Sept. 30, 2010) (stating that "[b]ecause the defendants merely filed the DVD with the court and did not authenticate it, the district court did not abuse its discretion in declining to consider the DVD."); Fox v. Michigan State Police Dept., 173 Fed. Appx. 372, 375 (6th Cir. 2006) (stating that "police reports, which were neither

4

sworn nor certified, were not properly authenticated.").

The police report (Exhibit 4) filed by the defendant in the instant case is unauthenticated. The defendant has not made a prima facie case that the police report (Exhibit 4) is what it purports to be. See Saunders v. Emory Healthcare, Inc., 360 Fed. Appx. 110, 113 (11th Cir. 2010) (per curiam) (citation omitted) (stating that "[t]o be admissible in support of or in opposition to a motion for summary judgment, a document must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence."); Clark v. Clabaugh, 20 F. 3d 1290, 1294 (3d Cir. 1994) (finding that police report was properly authenticated by deposition testimony). Accordingly, the Court should not consider the unauthenticated police report (Exhibit 4) in ruling on the defendant's motion for summary judgment.

**C.   Conclusion**

The Court finds that the police report (Exhibit 4), if properly authenticated, is admissible in the instant case. However, because the defendant has failed to authenticate the police report (Exhibit 4), it cannot properly support the defendant's motion for summary judgment. Accordingly, it is

ORDERED AND ADJUDGED that the Plaintiff Donna Hill's Motion to Strike Exhibit 4 to Defendant's Motion for Summary Judgment (DE# 78, 12/10/10) is **GRANTED**. Exhibit 4 (DE# 71-4, 12/7/10) to the defendant's motion for summary judgment is **STRICKEN**. If the defendant wishes to rely on the police report in support of its motion for summary judgment, the defendant shall authenticate and re-file this

document.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **14th** day of January, 2011.

                                                                                    _____
                                                                                    JOHN J. O'SULLIVAN
                                                                                    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Huck
All Counsel of Record