UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-61479-CIV-HUCK/O'SULLIVAN

DONNA HILL,

    Plaintiff,

v.

LAZAROU ENTERPRISES, INC.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on the defendant Lazarou's Motion for Sanctions (DE# 63, 11/29/10).[1] This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Paul C. Huck, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b). Having reviewed the applicable filings and law, the undersigned respectfully RECOMMENDS that the defendant's request for dismissal contained in Lazarou's Motion for Sanctions (DE# 63, 11/29/10) be **DENIED** for the reasons stated herein.

## BACKGROUND

On November 29, 2010, the defendant filed the instant motion seeking sanctions against the plaintiff in connection with the plaintiff's responses to certain requests for admissions. See Lazarou's Motion for Sanctions (DE# 63, 11/29/10). The plaintiff filed

---

[1] In its motion for sanctions, the defendant seeks two kinds of relief. The defendant seeks dismissal of the plaintiff's claims and/or monetary sanctions in the form of attorney's fees. The portion of the defendant's motion that seeks dismissal is addressed in this Report and Recommendation. The undersigned will issue a separate Order addressing the monetary sanctions sought by the defendant pursuant to Rule 37 of the Federal Rules of Civil Procedure.

her response on December 7, 2010. See Plaintiff Donna Hill's Response in Opposition to Defendant's Motion for Sanctions (DE# 72, 12/7/10). The defendant filed its reply on December 9, 2010. See Lazarou's Reply in Support of Lazarou's Rule 37 Motion for Sanctions (DE# 74, 12/9/10). This matter is now ripe for consideration.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 37 grants a district court the authority to impose sanctions for the failure to make disclosures or cooperate in discovery. Rule 37 also allows authorizes a district court to dismiss an action if a party fails to obey an order to provide or permit discovery. FED. R. CIV. P. 37(b)(2)(A)(v). The dismissal of a claim as a sanction for violating a discovery order is a drastic remedy which should only be employed where lesser sanctions would be insufficient. See Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993) (stating that "the severe sanction of a dismissal or default judgment [under Rule 37] is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders.") (citing Navarro v. Cohan, 856 F.2d 141, 142 (11th Cir. 1988)).

The defendant also invokes the Court's inherent power. See Lazarou's Motion for Sanctions (DE# 63 at 11, 11/29/10)  The Court's inherent power is derived from the Court's need "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (internal citations and quotation marks omitted). "The key to unlocking [the] court's inherent power is a finding of bad faith." Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998); see also Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1320 (11th Cir. 2002) (noting that "before a court can impose sanctions against a lawyer under its inherent

power, it must find that the lawyer's conduct constituted or was tantamount to bad faith.") (citation and quotations marks omitted). "A court should be cautious in exerting its inherent power and 'must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees.'" Byrne v. Nezhat, 261 F.3d 1075, 1106 (11th Cir. 2001) (citing Chambers, 501 U.S. at 50).

## ANALYSIS

### A.     Request for Dismissal

The defendant asks that the plaintiff's claims against it be dismissed as a sanction for violating two discovery orders.[2] See Lazarou's Motion for Sanctions (DE# 63 at 1, 11/29/10). The undersigned concludes that the Court should deny the defendant's request that the plaintiff's claims be dismissed. The dismissal of a claim as a sanction for violating a discovery order is a drastic remedy which should only be employed where lesser sanctions would be insufficient. See Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993) (stating that "the severe sanction of a dismissal or default judgment [under Rule 37] is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders.") (citing Navarro v. Cohan, 856 F.2d 141, 142 (11th Cir. 1988)). In Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir.1993), the Eleventh Circuit stated that "[d]ismissal with prejudice is

---

[2] The defendant's motion states that these discovery orders were entered by the undersigned on October 8, 2010 and October 22, 2010. See Lazarou's Motion for Sanctions (DE# 63, 11/29/10). The October 22, 2010 can be found at docket entry 45. There is no corresponding discovery order dated October 8, 2010. The undersigned's review of the docket shows that a discovery order was entered on September 16, 2010 at docket entry 21. The undersigned assumes that the defendant is referring to the September 16, 2010 discovery order.

3

the most severe Rule 37 sanction," but it "may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault." The undersigned concludes that the facts supporting the instant motion for sanctions do not warrant the dismissal of the plaintiff's claims. Here, there is no evidence that the plaintiff or counsel's alleged deficiencies in responding to the requests for admissions were willful or in bad faith. Accordingly, the undersigned respectfully recommends that the defendant's request for the dismissal of the plaintiff's claims as a sanction for the plaintiff's alleged discovery violations be **DENIED**.

## B.    Miscellaneous Requests for Sanctions

The defendant also argues that "[s]imply ordering attorney fees and costs should not be the only sanction as HILL and her attorney have continued to file **pleadings** in this case that include material allegations that are contested by the documentary evidence and HILL's testimony in deposition and under oath during her unemployment hearing" and makes reference to a police report. See Lazarou's Motion for Sanctions (DE# 63 at 9-10, 11/29/10) (emphasis added). The defendant's argument, referring to unidentified pleadings, is beyond the scope of a Rule 37 motion for sanctions based on discovery violations. To the extent that the defendant seeks to advance a Rule 11-type argument, the Court should deny this request for sanctions. Rule 11 requires that a motion for Rule 11 sanctions be made separately from any other motion and provides for other procedural safeguards including a 21-day safe harbor provision. See FED. R. CIV. P. 11 (c)(2).

The defendant also invokes the Court's inherent power and argues that the

4

plaintiff has committed a fraud upon the Court based on unidentified documents and testimony. See Lazarou's Motion for Sanctions (DE# 63 at 11, 11/29/10). The defendant's arguments go beyond the instant motion for Rule 37 discovery sanctions based on the plaintiff's failure to admit certain requests for admissions. Id. at 1 (stating that the instant motion is brought "pursuant to F[ed]. R. Civ. P. 37 (c)(2)"). The Court should further reject the defendant's request to invoke the Court's inherent powers where, on this record, the defendant has failed to show bad faith on the part of the plaintiff or her counsel. See Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998) (stating that "[t]he key to unlocking [the] court's inherent power is a finding of bad faith.").

    The defendant also argues that the "Court should further consider sanctioning HILL and her attorney for conduct at the deposition in which HILL's attorney instructed HILL not to answer questions related to the claims at issue in this lawsuit." See Lazarou's Motion for Sanctions (DE# 63 at 12, 11/29/10). This request for sanctions should also be denied. This Court entered an Order providing a mechanism through which the parties could timely address any discovery issues. See Discovery Procedure (DE# 7 at 6, 8/19/10). The plaintiff's deposition took place on November 16, 2010. See Deposition of Donna Hill (DE# 63-1 at 5, 11/29/10). The defendant did not set this issue for a discovery hearing before the undersigned. The defendant should not be permitted to circumvent the Court's Discovery Procedure by raising this issue for the first time in a motion for sanctions. Because any sanctions arising from behavior at a deposition are more appropriately addressed at an informal discovery conference, the undersigned respectfully recommends that the defendant's request for sanctions stemming from the

plaintiff's counsel's instructions to the plaintiff at deposition be denied.

## CONCLUSION

The undersigned concludes that the facts alleged in support of the defendant's motion for sanctions do not support the dismissal of the plaintiff's claims. For these reasons, the undersigned respectfully recommends that the defendant's request for the dismissal of the plaintiff's claims be **DENIED**.

## RECOMMENDATION

In accordance with the foregoing, the undersigned respectfully recommends that Lazarou's Motion for Sanctions (DE# 63, 11/29/10) as it relates to the defendant's request for the dismissal of the plaintiff's claims be **DENIED**.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **31st** day of January, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Huck
All Counsel of Record