UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-61479-CIV-HUCK/O'SULLIVAN

DONNA HILL,

Plaintiff,

v.

LAZAROU ENTERPRISES, INC.,

Defendant.
_____________________________/

## REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on the Plaintiff Donna Hill's and Counsel's Motion for Relief from Final Order (DE# 115, 2/22/11). This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Paul C. Huck, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b). Having reviewed the applicable filings and law, the undersigned respectfully RECOMMENDS that the Plaintiff Donna Hill's and Counsel's Motion for Relief from Final Order (DE# 115, 2/22/11) be **GRANTED** for the reasons stated herein.

## PROCEDURAL BACKGROUND

On January 31, 2011, the undersigned issued an Order (DE# 99) granting in part and denying in part defendant Lazarou's Motion for Sanctions (DE# 63, 11/29/10). See Order (DE# 99, 1/31/11). The Order (DE# 99) specifically found that the defendant was entitled to attorney's fees based on the plaintiff's failure to admit certain requests for admissions. Id. at 1. On February 14, 2011, the plaintiff filed objections to the undersigned's Order (DE# 99). See Plaintiff Donna Hill's Objections to Magistrate Judge's Order Granting in Part and Denying in Part Defendant's Motion for Discovery

Sanctions (DE# 105, 2/14/11). The Court overruled the plaintiff's objections on February 18, 2011. See Order Overruling Objections to Magistrate Judge's Order (DE# 110, 2/18/11).

On February 22, 2011, the plaintiff filed the instant motion for relief from the Court's Order (DE# 110) overruling her objections. See Plaintiff Donna Hill's and Counsel's Motion for Relief from Final Order (DE# 115, 2/22/11). The arguments raised in the instant motion relate only to Request for Admission No. 32. On February 28, 2011, the plaintiff filed supplemental authority, Point Blank Solutions, Inc. v. Toyobo America, Inc., No. 09-61166 (S.D. Fla. Feb. 24, 2011) (J. Seitz). See Plaintiff's Notice of Submitting Supplemental Authority (DE# 122, 2/28/11).[1] The defendant addresses some of the arguments raised by the plaintiff in Lazarou's Response to Hill's Objections to Requests for Attorney Fee's [sic] Based on Rule 37 Sanctions Ordered by Court (DE# 138, 3/14/11) and thus, the undersigned will consider the response in this Report and Recommendation.

## ANALYSIS

### A. Request for Admission No. 32

The defendant sought sanctions against the plaintiff and her counsel based on the plaintiff's failure to admit certain requests for admissions including Request for Admission No. 32. See Lazarou's Motion for Sanctions (DE# 63, 11/29/10). Request for Admission No. 32 states as follows: "HILL rejected an offer to settle her claims for

[1] Because the plaintiff and her counsel should not have been sanctioned for "denying" Request for Admission No. 32, the undersigned will not address the plaintiff's supplemental authority in this Report and Recommendation.

$6,000, including $3,000 for attorney fees that was made on March 19, 2009." Id. at 5. The defendant's counsel mistakenly represented to the Court that the plaintiff had denied this request for admission for lack of knowledge. Id. The plaintiff failed to correct this mistake and instead argued the merits of why she should not be sanctioned for "denying" Request for Admission No. 32. The undersigned found that Request for Admission No. 32 should have been admitted and imposed sanctions against the plaintiff and her counsel. See Order (DE# 99, 1/31/11). The undersigned's ruling was affirmed in the Order Overruling Objections to Magistrate Judge's Order (DE# 110, 2/18/11).

The plaintiff now seeks reconsideration of the Order Overruling Objections to Magistrate Judge's Order (DE# 110, 2/18/11) pursuant to Fed. R. Civ. P. 60(a) and (b)(1), (3) and (6). A motion for reconsideration of a judgment or order falls within the ambit of Federal Rule of Civil Procedure 60(b). Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc., 169 F.R.D. 680 (M.D. Fla. 1996). Rule 60(b) provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Reconsideration of a previous order is an extraordinary remedy to be employed sparingly. Wendy's Int'l, Inc., 169 F.R.D. at 687. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly

discovered evidence." Z.K. Marine, Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citations omitted).

The Court should reconsider the imposition of sanctions on the plaintiff and her attorney with respect to Request for Admission No. 32. The undersigned initially ordered sanctions against the plaintiff and her attorney for failing to admit Request for Admission No. 32 based on the defendant's incorrect representation that this request for admission had been denied. In fact, the plaintiff had admitted Request for Admission No. 32 on October 27, 2010 when she served her Third Supplemental Response to Defendant's First Request for Admissions on the defendant. See Plaintiff Donna Hill's Objections to Magistrate Judge's Order Granting in Part and Denying in Part Defendant's Motion for Discovery Sanctions (DE# 105 at 3-4, 2/14/11). In light of this mistake of fact, the undersigned RECOMMENDS that the Court **GRANT** the instant motion and relieve the plaintiff and her attorney from sanctions with respect to Request for Admission No. 32.

**B. Additional Request for Sanctions**

Both attorneys request additional sanctions. The plaintiff's counsel makes a nebulous reference to sanctioning the defendant's counsel without specifically requesting the sanction or providing the Court with any legal analysis on the issue: "the ruling should be reserved on the basis of misconduct of [d]efendant's counsel, pursuant to Fed. R. Civ. P. 60(b)(3)." Plaintiff Donna Hill's and Counsel's Motion for Relief from Final Order (DE# 115 at 3, 2/22/11).

For his part, the defendant's counsel makes yet another request for sanctions

against the plaintiff's counsel. Lazarou's Response to Hill's Objections to Requests for Attorney Fee's [sic] Based on Rule 37 Sanctions Ordered by Court (DE# 138 at 2 n.1, 3/14/11). By now, it has become a matter of routine practice for the defendant to include a request for sanctions when filing briefs with this Court. See, e.g., Lazarou's Memorandum of Law in Opposition to Hill's Motion for Partial Summary Judgment as to Liability (DE# 96 at 10, 1/31/11) (requesting sanctions in the form of attorney's fees for drafting a response and objections to allegedly undisputed facts). Like the plaintiff's counsel, the defendant's counsel also fails to provide the Court with any legal analysis concerning the requested sanction. Instead, the defendant is content to confine its request for sanctions to the following footnote:

> HILL's Rule 60 motion, argues that she admitted to Admission # 32 on her third try by stating: "Admitted that Defendant made an offer to settle this matter on or about March 19, 2010 and Plaintiff's counsel stated that she would convey the offer to the Plaintiff and respond to the offer as soon as she had Plaintiff's response."[2] This is not a simple admission and counsel deserves sanctions for filing a response that is evasive and in violation of the Court's orders.

Lazarou's Response to Hill's Objections to Requests for Attorney Fee's [sic] Based on Rule 37 Sanctions Ordered by Court (DE# 138 at 2 n.1, 3/14/11). If the defendant was sincerely concerned that the plaintiff's admission to Request for Admission No. 32 was deficient, it should have briefed the issue and provided the Court with a detailed analysis and supporting case law instead of placing its argument in the footnote of a document supporting its fee affidavit.

---

[2] The defendant omits the last sentence of the plaintiff's admission which states: "Plaintiff declined the offer as it did not make her whole and this was conveyed to defense counsel." Plaintiff Donna Hill's and Counsel's Motion for Relief from Final Order (DE# 115 at 2, 2/22/11).

The attorneys in this case have exhibited a complete disregard for the limited judicial resources of this Court. The defendant's counsel created the problem by seeking sanctions against the plaintiff for denying a request for admission that the plaintiff had in fact admitted. The plaintiff's counsel compounded the problem by failing to verify that she had in fact denied this request for admission and instead, argued the merits of her "denial." When the plaintiff's counsel realized the mistake, she contacted the defendant's counsel in an attempt to correct the mistake:

> undersigned counsel contacted Mr. Fleischer and asked him if he wanted to file a joint motion with the Court to correct the mistake since it was obvious that an error had been made and the attorneys owed a duty of candor to the tribunal pursuant to Rule 4-3.3 of the Rules Regulating the Florida Bar.

Plaintiff Donna Hill's and Counsel's Motion for Relief from Final Order (DE# 115 at 3, 2/22/11). The defendant's counsel unreasonably refused to correct the record: "Mr. Fleischer declined to 'disturb the Court's orders.'" Id. The defendant's counsel's refusal prompted the plaintiff's counsel to file the instant motion. The defendant's counsel now claims that the admission was deficient. Lazarou's Response to Hill's Objections to Requests for Attorney Fee's [sic] Based on Rule 37 Sanctions Ordered by Court (DE# 138 at 2 n.1, 3/14/11). It is unfortunate that the matter was not resolved by counsel and instead has required more Court intervention. While the conduct of the attorneys in this case is certainly concerning, the imposition of additional sanctions on the grounds raised herein and inadequately briefed by the parties would be a further drain on this Court. Accordingly, the undersigned RECOMMENDS that the parties' request for additional sanctions be **DENIED**.

## CONCLUSION

The defendant was awarded sanctions for the plaintiff's failure to admit Request for Admission No. 32 based on a mistake of fact. Accordingly, the undersigned respectfully recommends that the Plaintiff Donna Hill's and Counsel's Motion for Relief from Final Order (DE# 115, 2/22/11) be **GRANTED** and that the Court issue an Order relieving the plaintiff and her attorney of sanctions for failing to admit Request for Admission No. 32. The parties' requests for additional sanctions should be **DENIED**.

## RECOMMENDATION

In accordance with the foregoing, the undersigned respectfully RECOMMENDS that the Plaintiff Donna Hill's and Counsel's Motion for Relief from Final Order (DE# 115, 2/22/11) be **GRANTED** and that the parties' requests for additional sanctions be **DENIED**. The undersigned further RECOMMENDS that the Court issue an Order relieving the plaintiff and her attorney of sanctions for failing to admit Request for Admission No. 32.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **21st** day of March, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Huck
All Counsel of Record