UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-61479-CIV-HUCK/O'SULLIVAN

DONNA HILL,

    Plaintiff,

v.

LAZAROU ENTERPRISES, INC.,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Lazarou's Rule 37 Fee Request and Affidavit (DE# 101, 2/9/11). For the reasons stated herein, it is

ORDERED AND ADJUDGED that Lazarou's Rule 37 Fee Request and Affidavit (DE# 101, 2/9/11) is **GRANTED in part and DENIED in part**. The defendant shall recover **$900.00** in attorney's fees against the plaintiff based on the plaintiff's failure to admit Requests for Admissions Nos. 17, 21 and 28.[1]

## BACKGROUND

On January 31, 2011, the Court issued an Order (DE# 99) granting in part and denying in part Lazarou's Motion for Sanctions (DE# 63, 11/29/10). See Order (DE# 99,

---

[1] Initially, the undersigned had imposed sanctions on the plaintiff and her attorney for failing to admit Request for Admission No. 32. See Order (DE# 99, 1/31/11). The undersigned has now been advised that the plaintiff in fact admitted this request for admission. The undersigned finds that awarding the defendant sanctions for a request for admission that was in fact admitted by the plaintiff would be unjust. The undersigned has issued a Report and Recommendation on that issue. If the Court rejects that Report and Recommendation, then the defendant may renew its request for the additional $300.00 in attorney's fees based on Request for Admission No. 32. At this time however, the defendant should not recover sanctions for Request for Admission No. 32.

1/31/11). The Court determined that, pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 37, the defendant was entitled to reasonable attorney's fees against the plaintiff for failing to admit Requests for Admissions Nos. 17, 21 and 28 and against the plaintiff and her counsel, jointly and severally, for failing to admit Request for Admission No. 32. Id. The plaintiff filed objections to the undersigned's Order (DE# 99). See Plaintiff Donna Hill's Objections to Magistrate Judge's Order Granting in Part and Denying in Part Defendant's Motion for Discovery Sanctions (DE# 105, 2/14/11). The Court overruled the plaintiff's objections on February 18, 2011. See Order Overruling Objections to Magistrate Judge's Order (DE# 110, 2/18/11).

On February 9, 2011, the defendant filed Lazarou's Rule 37 Fee Request and Affidavit (DE# 101, 2/9/11). The plaintiff filed objections to the defendant's fee request on March 9, 2011. See Plaintiff Donna Hill's Objections to Defendant's Attorney's Fees Request Submitted by Defense Counsel Randy A. Fleischer (DE# 133, 3/9/11). The plaintiff filed an amended affidavit in opposition to the defendant's fee request on March 10, 2011. See Plaintiff Donna Hill's Notice of Filing Amended Affidavit in Response to Defendant's Request for Attorneys' Fees (DE# 135, 3/10/11). The defendant responded to the plaintiff's objections on March 14, 2011. See Lazarou's Response to Hill's Objections to Request for Attorney Fee's [sic] Based on Rule 37 Sanctions Ordered by Court (DE# 138, 3/14/11). This matter is now ripe for consideration.

## **ANALYSIS**

**1.    Plaintiff's Objections**

The undersigned previously determined that the defendant was entitled to

2

recover attorney's fees for the plaintiff's failure to admit certain request for admissions. See Order (DE# 99, 1/31/11). The plaintiff nonetheless raises numerous objections to defendant's recovery of this amount. See Plaintiff Donna Hill's Objections to Defendant's Attorney's Fees Request Submitted by Defense Counsel Randy A. Fleischer (DE# 133, 3/9/11).  The undersigned will address these arguments in turn.

### a. Apportionment

The first argument raised by the plaintiff is that the Court cannot apportion the attorney's fees that should be attributed to the plaintiff and the amount attributed to the plaintiff's counsel. Plaintiff Donna Hill's Objections to Defendant's Attorney's Fees Request Submitted by Defense Counsel Randy A. Fleischer (DE# 133 at 1, 3/9/11). Initially, the Court ordered that the plaintiff be sanctioned for failing to admit Requests for Admissions Nos. 17, 21 and 28 and that the plaintiff and the plaintiff's counsel be sanctioned, jointly and severally, for failing to admit Request for Admission No. 32. See Order (DE# 99, 1/31/11). The Court has now determined that the plaintiff and her counsel should no longer be sanctioned for failing to admit to Request for Admission No. 32. See Footnote 1, supra. Thus, the remaining sanctions will be borne entirely by the plaintiff and there is no longer a need to apportion the sanctions between the plaintiff and her counsel.

### b. Request for Relief from Order

Next, the plaintiff argues that:

> Attorney Fleischer's Request for Attorneys' Fees and Costs is at best premature, particularly since he has not broken down the time spent on the four (4) responses found sanctionable by the Magistrate Judge and affirmed by the Court and it therefore cannot be discerned from the Fee

3

> Request how much time was spent by Attorney Fleischer on Request No. 32, the Plaintiff's response to which should not have been found to be sanctionable.

Plaintiff Donna Hill's Objections to Defendant's Attorney's Fees Request Submitted by Defense Counsel Randy A. Fleischer (DE# 133 at 2, 3/9/11). Request for Admission No. 32 has been excluded from this Order. Thus, the issue raised by the plaintiff is moot. See Footnote 1, supra.

### c. Point Blank Solutions Case

The plaintiff next argues that the Court's Order (DE# 99) is in direct conflict with Point Blank Solutions, Inc. v. Toyobo America, Inc., No. 09-61166 (S.D. Fla. Feb. 24, 2011). In Point Blank Solutions, this Court determined that two motions for sanctions for failure to admit requests for admission were premature. See Order on Motions for Sanctions (DE# 204 in Case No. 09-61166, 2/24/11) (J. Goodman). The Court observed that "granting either motion would necessarily require [the Court] to weigh the substantive accuracy of [the defendant's] denials before the District Court has held a trial or granted either party summary judgment." Id. at 5. Relying on Point Blank Solutions, the plaintiff argues that: "Attorney Fleischer's Fee Request is premature . . . since there has been no judgment in this case as yet conclusively proving the alleged falsity of Plaintiff's responses to Defendant's Requests for Admissions." Plaintiff Donna Hill's Objections to Defendant's Attorney's Fees Request Submitted by Defense Counsel Randy A. Fleischer (DE# 133 at 2, 3/9/11). In the instant case, the plaintiff is being sanctioned for failing to admit Requests for Admissions Nos. 17, 21 and 28. None of these requests for admissions require the Court to weigh the substantive accuracy of

the plaintiff's denials because the plaintiff through her own pleadings and sworn testimony has shown these denials to be false.

Request for Admission No. 17 states as follows: "On December 9, 2008[,] HILL was restricted from lifting over twenty pounds by Dr. Hanna." Lazarou's Motion for Sanctions (DE# 63 at 2, 11/29/10). The plaintiff made the following admission in her response to the defendant's statement of undisputed facts for summary judgment purposes: "It is undisputed that on December 9, 2008, Hill went to see her obstetrician, now Dr. Hanna, who restricted her to lifting no more than 20 pounds." Plaintiff Donna Hill's Response to Defendant Lazarou Enterprises, Inc.'s Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment (DE# 95-2, ¶12, 1/18/11).

Similarly, there is no need for Court to determine the substantive accuracy of the plaintiff's denial of Request for Admission No. 21. Request for Admission No. 21 states as follows: "After HILL notified LAZAROU of her pregnancy on or about December 7, 2008, she was told she could start as a hostess/cashier as soon as that position became available." Lazarou's Motion for Sanctions (DE# 63 at 3, 11/29/10). The plaintiff's own pleadings state: "Lazarou-Amana told Plaintiff that she would try to find her a position as a hostess or a cashier." Second Amended Complaint (DE# 33-1, ¶ 10, 10/8/10).

Lastly, Request for Admission No. 28 is not at issue because the plaintiff unequivocally made this admission at her deposition. Request for Admission No. 28 states as follows: "HILL refused LAZAROU's offer of reinstatement with backpay dated February 20, 2009." Lazarou's Motion for Sanctions (DE# 63 at 4, 11/29/10). At her

5

deposition, the plaintiff testified as follows:

> Q. But on February 20th, you refused to -- you refused reinstatement; is that correct?
>
> MS. DOLIN: Object to form.
>
> A. Yes.
>
> Q. (By Mr. Fleischer) Did they also offer to reinstate you with back pay?
>
> A. Yes.
>
> Q. And you refused that?
>
> MS. DOLIN: Object to form.
>
> A. Yes.

Deposition of Donna Hill (DE# 63-1 at 43, 11/29/10).

The undersigned finds that the instant case is distinguishable from Point Blank Solutions because the Court in the instant case does not need to weigh the substantive accuracy of the plaintiff's denials of Requests for Admissions Nos. 17, 21 and 28. The plaintiff's own statements conclusively show that her denials of Requests for Admissions Nos. 17, 21 and 28 were unreasonable and false.

### d. Plaintiff's Ability to Pay

The plaintiff argues that the Court must take into account her ability to pay before imposing Rule 37 sanctions. Plaintiff Donna Hill's Objections to Defendant's Attorney's Fees Request Submitted by Defense Counsel Randy A. Fleischer (DE# 133 at 2, 3/9/11). The plaintiff has filed an affidavit indicating that her monthly expenses exceed her take home pay by $205.00. See Plaintiff Donna Hill's Notice of Filing Amended

Affidavit in Response to Defendant's Request for Attorneys' Fees (DE# 135, 3/10/11).

The plaintiff cites to two cases to support her argument. Neither case is from the Eleventh Circuit. Additionally, these cases do not address the issue here: whether the Court should consider the plaintiff's ability to pay prior to determining the amount of attorney's fees to award the defendant for a Rule 37 sanction. The first case, Garner v. Cuyahoga County Juvenile Court, 554 F.3d 624 (6th Cir. 2009), is clearly inapplicable because the plaintiffs were sanctioned pursuant to 42 U.S.C. § 1988(b). Garner, 554 F.3d at 642. The second case cited by the plaintiff is Shales v. Gen'l Helpers Local Union No. 330, 557 F.3d 746 (7th Cir. 2009). In Shales, the district court sanctioned an attorney pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. Id. at 747-48. It is unclear how either case is even remotely helpful to the issue raised by the plaintiff. The plaintiff has failed to make the argument that sanctions under 42 U.S.C. § 1988(b) or Fed. R. Civ. P. 11[2] are analogous to Rule 37 sanctions. The Court will not make this argument for her.

The defendant, for its part, cites no case law in opposing the argument advanced by the plaintiff. See Lazarou's Response to Hill's Objections to Request for Attorney Fee's [sic] Based on Rule 37 Sanctions Ordered by Court (DE# 138 at 2, 3/14/11). The defendant's argument consists of the following three sentences:

> HILL objects based on her inability to pay. HILL is working and her ability to pay the minimal sanctions requested can be determined by the Court.

---

[2] The circuit court in Shales found that the district court did not have to consider an attorney's ability to pay prior to imposing sanctions under 28 U.S.C. § 1927. Shales, 557 F.3d at 749 (stating that "a lawyer's ability to pay does not affect the appropriate award for a violation of § 1927."). Thus, this portion of the Shales opinion is unhelpful to the plaintiff.

7

> Attorney Dolin has made no such argument based on her own ability to pay and should be sanctioned for her conduct in this case.

Id. (footnote omitted). However, the burden remains squarely on the plaintiff.

Even assuming, arguendo, that the Court must consider the plaintiff's ability to pay before imposing sanctions under Rule 37, the plaintiff's affidavit is insufficient. The affidavit filed with the Court discloses the plaintiff's monthly take home pay and her expenses. It does not state whether the plaintiff owns any assets such as a car or has any money at home, in a savings account, checking account or certificates of deposit. Moreover, the plaintiff's affidavit fails to disclose whether she receives other sources of income such as government assistance.

### e. Violation of Local Rule 7.3

The plaintiff also argues that the defendant has failed to confer with the plaintiff's counsel before filing Lazarou's Rule 37 Fee Request and Affidavit (DE# 101, 2/9/11). The plaintiff cites to S.D. Fla. L.R. 7.3. By its own terms, Rule 7.3 is applicable to "[a] motion for an award of attorneys fees and/or costs arising from the entry of a final judgment or order. . . ." S.D. Fla. L.R. 7.3(a). Lazarou's Fee Request and Affidavit is not a motion. The Court ordered the defendant to file this document after determining that the plaintiff should be sanctioned pursuant to Rule 37. See Order (DE# 99 at 20). While it is always preferable that the parties confer in good faith and attempt to resolve an issue before seeking Court intervention, the defendant's failure to confer with the plaintiff prior to filing Lazarou's Rule 37 Fee Request and Affidavit (DE# 101, 2/9/11) will not relieve the plaintiff from discovery sanctions.

The plaintiff raises other arguments concerning the defendant's alleged

noncompliance with S.D. Fla. L.R. 7.3. The undersigned has already determined that S.D. Fla. L.R. 7.3 is inapplicable to Lazarou's Rule 37 Fee Request and Affidavit (DE# 101, 2/9/11). The plaintiff's arguments with respect to the costs of paying for transcripts are addressed below.

**2.    Amount**

The defendant seeks attorney's fees in the amount of $1,200 ($300 an hour for four hours) and costs in the amount of $1,217.65. Lazarou's Rule 37 Fee Request and Affidavit (DE# 101 at 4, 2/9/11). The undersigned finds, and the plaintiff does not dispute, that the defendant's hourly rate is reasonable. Additionally, one hour per request for admission is reasonable. The undersigned will nonetheless reduce the amount of hours requested from four hours to three hours to account for Request for Admission No. 32, which the undersigned has now determined should be omitted from the defendant's fee award. See Footnote 1, supra. Accordingly, the defendant will be awarded a total of **$900** (three hours at $300) in attorney's fees for the plaintiff's failure to admit Requests for Admissions Nos. 17, 21 and 28.

In addition to attorney's fees, the defendant seeks to recover costs. The defendant's costs consist of the plaintiff's deposition transcript and the transcript of the unemployment hearing. Id. The Court finds that the defendant is not entitled to recover the costs of obtaining the deposition and hearing transcripts. The Court notes that the defendant relied extensively on both transcripts to support of Lazarou's Motion for Summary Judgment and Memorandum of Law (DE# 71, 12/7/10). Thus, the defendant would have had to incur the cost of these transcripts independent of the plaintiff's discovery violations. The defendant's request for costs is **DENIED**.

**CONCLUSION**

Based on the foregoing, the Court will award the defendant **$900** in attorney's fees against the plaintiff as a discovery sanction.

DONE AND ORDERED in Chambers at Miami, Florida this **21st** day of March, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Huck
All Counsel of Record