UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-61479-CIV-HUCK/BANDSTRA

DONNA HILL,

    Plaintiff,

v.

LAZAROU ENTERPRISES, INC.,

    Defendant.
_____/

### ORDER DENYING MOTION FOR ENTRY OF FINAL JUDGMENT

THIS MATTER is before the Court on Plaintiff Donna Hill's Motion for Entry of Final Judgment on Her Pregnancy Discrimination Claim and Defendant's Amended Counterclaim (D.E. # 151, filed April 19, 2011). Defendant has filed a Response in opposition to this Motion (D.E. # 153, filed April 26, 2011). Having reviewed the parties submissions, the record, and being otherwise duly advised, the Court, as explained below, denies Plaintiff's Motion for Entry of Final Judgment.

Plaintiff Donna Hill asks the Court to direct entry of final judgment on her pregnancy discrimination claim[1] and Defendant's counterclaim for fraud pursuant to Federal Rule of Civil Procedure 54(b). Rule 54(b) reads:

> **Judgment on Multiple Claims or Involving Multiple Parties.**
> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised

---

[1] The Court notes that the Plaintiff actually has two claims pending for pregnancy discrimination: one count for pregnancy discrimination under the Florida Civil Rights Act and one count under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(k). *See* Second Amended Complaint (D.E. # 33-1). The Court acknowledges that the analysis of her Title VII claim applies to her claim for discrimination under the Florida Civil Rights Act. *See Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998).

> at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). A basic requirement for the application of Rule 54(b) is that at least one claim must be finally decided. 10 Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure §2656 (3d ed.); *see also Edwards v. Prime Inc.*, 602 F.3d 1276, 1289 (11th Cir. 2010) ("A judgment properly may be certified under the terms of Rule 54(b) only if it possesses the requisite degree of finality. That is, the judgment must completely dispose of at least one substantive claim.") (citation omitted). In this case, there is not the requisite degree of finality regarding any of the claims for which Hill seeks a Rule 54(b) ruling.

On March 17, 2011, the Honorable John J. O'Sullivan, United States Magistrate Judge, issued a Report and Recommendation recommending that the Court 1) deny Defendant's Motion for Summary Judgment on Plaintiff's discrimination and retaliation claims and on its breach of contract counterclaim and 2) deny Plaintiff's Motion for Summary Judgment on her pregnancy discrimination claims. *See* D.E. # 139. This Court adopted the findings of fact and conclusions of law in Judge O'Sullivan's Report and denied the parties' cross motions for summary judgment in their entirety. *See* D.E. # 148. "It is well established that the denial of a motion for summary judgment is not a final decision under 28 U.S.C.A. § 1291," but, rather, an interlocutory decision because it leaves the claim(s) pending for trial. *Pitney Bowes, Inc. v. Mestre*, 701 F. 2d 1365, 1368 (11th Cir. 1983). Moreover, "a certification of final judgment [under Rule 54(b)] cannot for purposes of appeal render final a judgment which is interlocutory. The requirement of finality still applies." *Id.* at 1369. Therefore, the Court denies Hill's request to certify final judgment under Rule 54(b) on her pregnancy discrimination claims and Defendant's counterclaim for fraud because the Court's denial of summary judgment on these claims lacks the requisite finality. Plaintiff is attempting to use Rule 54(b) in a manner wholly inconsistent with the purpose of the Rule, which is to allow courts to certify finally-decided, separate claims or finally-decided claims as to fewer than all the parties for immediate appeal in multi-claim, multi-party cases.

The Court also notes that Plaintiff's Motion re-argues the merits of the parties' summary judgment motions which have already been denied by this Court. Plaintiff asserts that she is entitled to final judgment on her claim for pregnancy discrimination; however, Judge O'Sullivan's Report

found that she was not because there are genuine issues of material fact regarding the existence of a facially-discriminatory policy against pregnant employees at Defendant's diner.² *See* D.E. # 139 at 31–37.  Plaintiff's argument that she has proven her *prima facie* case for pregnancy discrimination using circumstantial evidence is similarly unavailing and contrary to this Court's prior ruling.  Judge O'Sullivan found that Plaintiff did not establish a *prima facie* case of pregnancy discrimination using circumstantial evidence because she did not satisfy the fourth prong of the *McDonnell Douglas* burden-shifting analysis: "differential application of work or disciplinary rules."³ *See* D.E. # 139 at 28–30; *see also Armstrong v. Flowers Hospital Inc.*, 33 F.3d 1308, 1314 (11th Cir. 1994) (indicating that the following are the elements required to establish a *prima facie* case for disparate treatment discrimination using circumstantial evidence: "(1) the plaintiff is a member of a group protected by Title VII; (2) the plaintiff was qualified for the position; (3) the plaintiff suffered an adverse effect on her employment; and (4) the plaintiff suffered from differential application of work or disciplinary rules.")

For the foregoing reasons, it is hereby ORDERED that Plaintiff Donna Hill's Motion for Entry of Final Judgment on Her Pregnancy Discrimination Claim and Defendant's Amended Counterclaim (D.E. # 151) is DENIED.

DONE and ORDERED in Chambers, Miami, Florida, May 4, 2011.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of record

---

² As noted above, this Court adopted the findings of fact and conclusions of law in Judge O'Sullivan's Report and denied the parties' cross motions for summary judgment in their entirety.  *See* D.E. # 148.

³ *See supra* footnote 2.